[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: February 28, 1997 Date of Application: March 25, 1997 Date Application Filed: March 27, 1997 Date of Decision: January 27, 1998
 Application for review of sentence imposed by the Superior Court, Judicial District of Hartford at Enfield, Docket Number MV95-271295.
Ann Guillet, Esq, Defense Counsel, for Petitioner
Paul Rotiroti, Esq, Assistant State's Attorney, for the State
The petitioner was convicted of Manslaughter in the Second Degree with a Motor Vehicle in violation of § 52a-56b, a class C felony carrying a maximum period of incarceration of 10 years. There was no agreement between the parties as to the penalty. The court imposed a sentence of 8 years, execution suspended after having served 3 1/2 years incarceration and 4 years probation.
Petitioner's counsel presented a thorough argument in favor of the reduction of petitioner's sentence. CT Page 3679
Counsel emphasized that petitioner was 17 years of age at the time of the offense with no prior criminal or juvenile history. On the night of the fateful accident, prior to the accident, the petitioner's stepfather supplied him with beer.
Counsel further indicated the petitioner was in high school at the time of the incident, was involved with cultural activities at school and played soccer. Petitioner worked after school as a dishwasher in a restaurant.
Counsel for petitioner emphasized the reckless nature of the offense as opposed to intentional conduct. As a result of the accident, petitioner was in a coma for several weeks and has little or no recollection of the incident. The petitioner suffered a brain injury and presently suffers from anxiety and depression.
Counsel related that petitioner was released on bond and relocated to the state of New Jersey and that the petitioner returned to court dutifully each time the case was docketed because he felt it was his responsibility to return as ordered.
Counsel indicated that since the incident, the petitioner has continued to demonstrate his responsibility by completing 1 1/2 years of substance abuse treatment and GED and English classes.
The state's attorney countered by elaborating on the type of person the petitioner killed. The deceased victim was 45 years of age at the time of her death. The victim was an extraordinary individual who was a community volunteer who was devoted to her son.
The state indicated that it recommended a sentence of 10 years execution suspended after 7 years incarceration with probation.
The court indicated that "it recognizes that the purpose of sentencing is myriad. Devising an appropriate sentence in a case has to take into account the object of deterrence. . . . It has to serve the purpose of punishment to let the defendant know the view of the community with regard CT Page 3680 to the seriousness of his behavior. And, it has to promote the purpose of promoting the rehabilitation of this defendant.
The court then imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 942, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, J., Norko, J. and Miano, J. participated in this decision.